UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| JOHN LEE PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 16-cv-35-JMH |
| v. ) | |
| ) | |
| CAROLYN COLVIN, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction [DE 17]. The Commissioner has filed a Response [DE 29], stating her objections to the motion, and Plaintiff has filed a Reply [DE 34] in further support of his Motion. The Court has also had the benefit of the argument of the parties, by counsel, at a hearing on September 7, 2016, at which time the Court took this Motion under advisement. After careful consideration, the Court concludes that Plaintiff's motion should be denied.

**I.**

Plaintiff Perkins resides in Pike County, Kentucky. On September 27, 2006, Perkins filed applications for benefits under Title II (disability) and Title XVI (supplemental security income or "SSI") of the Social Security Act, claiming disability since September 30, 2005, as a result of Meniere's disease, a

disorder of the inner ear causing such symptoms as vertigo, pain, and hearing loss. At some point after his claims were initially denied, Perkins obtained the assistance of an attorney, Eric C. Conn, in prosecuting his application. Perkins then submitted new evidence and eventually requested a hearing. No hearing was held, but, on July 6, 2007, his application was approved in a fully-favorable, on-the-record decision by Administrative Law Judge David B. Daugherty. Daugherty found that Perkins had been disabled since September 30, 2005, based in part on the examination and report of Dr. Frederic Huffnagle. In 2011, Perkins underwent a continuing disability review by another physician who concluded that he was still disabled as of that time.

Conn, Huffnagle, and Daugherty have since been implicated in a scheme to defraud the Social Security Administration, which scheme is the basis for the present controversy. Specifically, the Office of the Inspector General, Social Security Administration, discovered reason to believe that Conn or his firm were involved in a scheme to obtain disbursement of retroactive and proactive disability benefits irrespective of the claimants' actual entitlement to benefits using pre-completed "template" residual functional capacity forms which purported to be from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., David P. Herr, D.O., or Huffnagle (who is now deceased),

2

dated between January 2007 and May 2011, in support of the individuals' applications for benefits. In an indictment concerning this scheme, the United States alleges that Daugherty assigned Conn's cases to himself and solicited falsified medical evidence from Conn so that he could issue favorable on-the-record decisions without hearings.[1] For his part, Conn allegedly provided pre-completed template residual functional capacity reports to doctors, including Huffnagle, who signed them without amendment. After an award of benefits to his client, the United States alleges that Conn received fees from the Social Security Administration and withdrew cash from business account to make payments to Daugherty.

This scheme was the subject of an investigation by the Social Security Administration's Office of the Inspector General ("OIG"), which spanned the years from 2007 to 2015. The OIG sent notice to the Commissioner on July 2, 2014, pursuant to 42 U.S.C. § 1320a-8(1), advising that it had reason to believe fraud was involved in 1,787 applications, all involving Conn. The initial referral was made with no adverse action to be taken against the applicants until further notice. Further notice came on May 12, 2015, when the OIG notified the Commissioner

---

[1] On April 1, 2016, a federal grand jury returned an indictment in this district against Eric Conn, David Daugherty, and Alfred Adkins containing 18 substantive counts, as well as several forfeiture counts. [*See* Lexington Criminal Action No. 5: 16-00022-DCR.] That case remains pending at this time, with a trial scheduled in 2017.

3

that it had no objections to the agency "moving forward with its administrative processing of the redeterminations of the 1,787 individuals whose names were previously provided by OIG to [the agency] on July 2, 2014."[2] Via letters sent six days later and captioned "Notice of Appeals Council Action," the Commissioner informed those individuals, including Perkins, that the agency was required to redetermine their benefits under sections 205(u) and 1631(e)(7) of the Act, 42 U.S.C. §§ 405(u), 1383(e)(7), in light of the OIG's notification.[3]

The Notice advised Perkins that the agency would not be permitted to consider evidence previously submitted from Dr. Huffnagle, as he was one of the four physicians believed to have been involved in the alleged fraud. The same letter advised Perkins that, having undertaken the redetermination, the Appeals

---

[2] The Court notes, as well, that counsel for the Commissioner advised the Court during the hearing on the present motion that a significant portion of the 1,787 applications impacted by the notice, 242 were determined to be disabled based upon other evidence available in the records of those applications without further adjudication before an ALJ. Approximately 46% of the remaining applicants were subsequently determined to be disabled by an ALJ upon reconsideration. From the perspective of those applicants, for whom the process provided an opportunity to establish their disability and, thus, their entitlement to benefits without reference to the allegedly fraudulent materials submitted by Conn during their original application process, the redetermination process cannot be said to be the abject failure that Perkins claims.

[3] The Court adopts and incorporates the detailed description of this process, how it came to be, and how it was applied in the matters which were allegedly part and parcel of the Conn scheme from Section I of Judge Reeves' October 6, 2016, Memorandum Opinion and Order in *Carter v. Comm'r of Soc. Sec.*, Civil Action No. 0:16-cv-00017-DCR, DE 24 at 3-6 (E.D. Ky.), and *Griffith v. Comm'r of Soc. Sec.*, Civil Action No. 7:16-cv-00101-DCR, DE 34 at 3-6 (E.D. Ky.). Notably, Perkins has not challenged Congressional authority to legislate the redetermination process or, for that matter, to define what evidence may be considered during the consideration of an application for benefits under the Social Security Act.

Council had determined that a preponderance of the non-disregarded evidence did not support a determination of disability. Perkins learned from the Notice that the agency planned to set aside its earlier favorable decision and send his case back to a new ALJ for further consideration and issuance of a new decision unless he could submit additional evidence of his disability prior to the date of his earlier award to the Appeals within 10 days.

Perkins' case was then remanded to a new ALJ for a new hearing. He was permitted to submit further evidence to the ALJ prior to the hearing. Perkins attended this hearing on November 15, 2015, with counsel and presented some medical records, mostly relating to the period after July 6, 2007. On December 29, 2015, having disregarded Dr. Huffnagle's report and Perkins' interim continuing disability review, as he was obliged to do, the ALJ found that there was insufficient evidence to support Perkins' initial disability determination from 2007, concluding that Perkins was not disabled at the time that he was awarded benefits by Daugherty. Perkins then submitted his case to the Appeals Council, which declined to reconsider the ALJ's decision on January 28, 2016. The denial constitutes final agency action,

and Perkins timely filed this action as provided for by 42 U.S.C. § 405(g) on March 25, 2016.[4] [*See* DE 1.]

In his Complaint, Plaintiff challenged the merits of the ALJ's decision and asked that the decision "be vacated for failure to bring a timely action and violating Plaintiff's due process rights." [*Id*. at 3, PageID #3.] Plaintiff filed the present motion for preliminary injunction [DE 17], seeking to prevent the termination of his benefits during the pendency of this action. This Court entered an order enjoining the termination of benefits prior to the resolution of the motion [DE 28].

Perkins argues that, under Fed. R. Civ. P. 65(a), this Court should enjoin the Commissioner from cutting off his benefits while this appeal is pending. Such relief is the available as the exception rather than the rule. As recently set forth by Judge Reeves,

> Preliminary injunctions are "extraordinary and drastic remed[ies] . . . never awarded as of right." *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Supreme Court*, 769 F.3d 447, 453 (6th Cir. 2014) (quoting *Munaf v. Geren,* 553 U.S. 674, 689–90 (2008)). A plaintiff seeking injunctive relief must show, either individually or in combination, that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

---

[4] As the Court learned during the hearing on this matter, Perkins has filed a new application for benefits.

6

> balance of equities tips in his or her favor, and; (4) issuance of injunctive relief is in the public interest. *Platt*, 769 F.3d at 453 (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). In considering the appropriateness of an injunction, the court balances these four factors. *Id. See also Am. Civil Liberties Union Fund of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015); *Bays v. City of Fairborn,* 668 F.3d 814, 818-19 (6th Cir. 2012). In addition, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015) (quoting *Gonzales v. Nat'l Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000)). While a plaintiff need not prove his or her case in full to obtain injunctive relief, the proof necessary "is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Memorandum Opinion and Order, *Carter v. Comm'r of Soc. Sec.*, Civil Action No. 0:16-cv-00017-DCR, DE 24 at 7 (E.D. Ky. Oct. 6, 2016); Memorandum Opinion and Order, *Griffith v. Comm'r of Soc. Sec.*, Civil Action No. 7:16-cv-00101-DCR, DE 34 at 7 (E.D. Ky. Oct. 6, 2016).

In support of his argument that he is likely to succeed on the merits, Perkins argues that he will be able to establish that he was denied the process that he was due under the Fifth Amendment to the United States Constitution by the Commissioner when his matter was subjected to determination because the

7

Commissioner has never disclosed what evidence proves that there was, in fact, reason to believe that fraud was involved in the original award of benefits to him in 2007 and he has not had an opportunity to challenge the credibility of this evidence. Further, he argues, he was not provided an opportunity to challenge the allegations of fraud as a matter of law because the Appeals Council's May 18, 2015 notice which commenced his redetermination process "summarily accepted the allegation that 'there was reason to believe fraud was involved.'" [Memo. of Law in Support of Motion for Prelim. Inj., DE 17-1 at 7-8, PageID# 282-83 (quoting DE 13-1 at 15, PageID # 95).] He argues that, while he has no right to a full evidentiary hearing before the termination of benefits under *Mathews v. Eldridge*, 424 U.S. 319 (1976), he should have an opportunity to challenge the conclusion that there was reason to believe that fraud was involved in obtaining his initial award of benefits.

He argues, as well, that Defendant's procedures constituted a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 556(d)-(e), and the Social Security Act, 42 U.S.C. § 405(b), which would oblige the Commissioner to provide Plaintiff with her reason to believe that fraud was involved in the initial award of benefits to him and, thus, an opportunity to challenge that conclusion on the basis of evidence adduced at a hearing. He argues that there has been a further violation of

the APA, 5 U.S.C. § 554(d), because the Appeals Council and the ALJ were "responsible to or subject to the supervision or direction of an employee or agent engaged in the performance of investigative or prosecuting functions for an agency," i.e., the Office of Inspector General. Next, he argues that the Commissioner failed to "immediately" redetermine his entitlement to or eligibility for benefits upon discovering "reason to believe that fraud or similar fault was involved in the application" for those benefits under 42 U.S.C. §§ 405(u)(1)(A) and 1383(e)(7)(A)(i) because over many years passed between the initial complaints regarding the alleged fraud that triggered his redetermination hearing and the commencement of his redetermination process.

Finally, Perkins contends that he will suffer irreparable harm in the absence of an injunction because denial of his benefits under the social security program will result not only in the loss of the financial support from those benefits upon which his family relies but also in the loss of health benefits through Medicaid and that continuing his benefits is in the public benefit because he will be able to support himself and his family during the duration of this proceeding.

The Court disagrees with Perkins, rejecting his arguments and adopting both the rationale set forth in the well-reasoned decision entered by Judge Reeves with respect to substantially

similar motions in two matters pending before him, *Carter v. Comm'r of Soc. Sec.*, Civil Action No. 0:16-cv-00017-DCR, DE 24 (E.D. Ky. Oct. 6, 2016); *Griffith v. Comm'r of Soc. Sec.*, Civil Action No. 7:16-cv-00101-DCR, DE 34 (E.D. Ky. Oct. 6, 2016). Specifically, the undersigned adopts and incorporates the legal reasoning and the conclusions articulated in sections II, III(a)(i)(2), III(a)(i)(2)(A), III(a)(i)(2)(B), III(a)(i)(2)(C), III(a)(i)(3), III(a)(iii)(1)-(iv), III(b), and III(c) of Judge Reeves' October 6, 2016, Memorandum Opinion and Order as his own, without restating that reasoning in its entirety here.

The Court has carefully considered Perkins' arguments, all of which were also raised by the parties in *Carter v. Colvin*, Civil Action No. 0:16-cv-00017-DCR, and *Griffith v. Colvin*, Civil Action No. 7:16-cv-00101-DCR, and concludes that injunctive relief is not warranted when the factors are balanced. *See Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Supreme Court*, 769 F.3d 447, 453 (6th Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) ("A plaintiff seeking injunctive relief must show, either individually or in combination, that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor, and; (4) issuance of injunctive relief is in the public interest."); *see*

*also Am. Civil Liberties Union Fund of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015); *Bays v. City of Fairborn,* 668 F.3d 814, 818–19 (6th Cir. 2012). Ultimately, for the same reasons as the plaintiffs in *Carter* and *Griffith*, Perkins cannot show that there is a substantial likelihood of success on the merits of his claims of constitutional and statutory defects in the redetermination process that he was afforded by the Commissioner or that he is likely to suffer irreparable harm in the absence of injunctive relief.  Further, as articulated by Judge Reeves, the public interest militates in favor of denying Plaintiff's motion.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction [DE 17] is **DENIED**.

This the 6th day of October, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge