```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| JOHN LEE PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 16-cv-35-JMH |
| v. ) | |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of Social ) | **MEMORANDUM OPINION & ORDER** |
| Security, ) | |
| ) | |
| Defendant. | |

*** 

This matter is before the Court upon the Acting Commissioner's Motion to Dismiss [DE 30] Counts I, II, III, IV, V and VI of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff has filed a Response [DE 42], stating his objections to the Motion, and the Acting Commissioner has filed a Reply [DE 44] in further support of her Motion. The Court provided notice to the parties that this Motion would be converted to motions for summary judgment in part and provided the parties time to respond [DE 48 and 50]. In the absence of any objections to that transformation, the matter is now ripe for review. Because there are no disputes regarding the material facts, and because resolution of the legal issues favor the defendant, for all of

the reasons stated below, the Acting Commissioner's Motion will be granted.

As the Court has previously recounted in its decision on Plaintiff's Motion for Preliminary Injunction [DE 46], Plaintiff Perkins resides in Pike County, Kentucky. On September 27, 2006, Plaintiff filed applications for benefits under Title II (disability) and Title XVI (supplemental security income or "SSI") of the Social Security Act, claiming disability since September 30, 2005, as a result of Meniere's disease, a disorder of the inner ear causing such symptoms as vertigo, pain, and hearing loss. After his claims were initially denied, Perkins obtained the assistance of attorney Eric C. Conn in prosecuting his application. Perkins submitted new evidence and requested a hearing. No hearing was held, but, on July 6, 2007, his application was approved in a fully-favorable, on-the-record decision by Administrative Law Judge David B. Daugherty. Daugherty found that Perkins had been disabled since September 30, 2005, based in part on the examination and report of Dr. Frederic Huffnagle, who is now deceased. In 2011, Perkins underwent a continuing disability review by another physician who concluded that he was still disabled. [*See* DE 13-1, PageID # 95.]

Conn, Huffnagle, and Daugherty have since been implicated in a scheme to defraud the Social Security Administration, which

2

scheme is the basis for the present controversy. Specifically, the Social Security Administration Office of the Inspector General had discovered reason to believe that Conn or his firm submitted pre-completed "template" residual functional capacity forms purportedly from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., David P. Herr, D.O., or Huffnagle, dated between January 2007 and May 2011, in support of the individuals' applications for benefits. In an indictment concerning this scheme, the United States alleges that Daugherty assigned Conn's cases to himself and solicited falsified medical evidence from Conn so that he could issue favorable on-the-record decisions without hearings.[1] For his part, Conn allegedly provided pre-completed template residual functional capacity reports to doctors, including Huffnagle, who signed them without amendment. After an award of benefits to his client, the United States alleges that Conn received fees from the Social Security Administration and withdrew cash from business account to make payments to Daugherty.

This scheme was the subject of an investigation by the Social Security Administration's Office of the Inspector General ("OIG"), which spanned the years from 2007 to 2015. The OIG sent

---

[1] On April 1, 2016, a federal grand jury returned an indictment in this district against Eric Conn, David Daugherty, and Alfred Adkins containing 18 substantive counts, as well as several forfeiture counts. [*See* Lexington Criminal Action No. 5: 16-00022-DCR.] That case remains pending at this time, with a trial scheduled in 2017.

3

notice to the Commissioner on July 2, 2014, pursuant to 42 U.S.C. § 1320a-8(1), advising that it had reason to believe fraud was involved in 1,787 applications, all involving Conn. The initial referral was made with no adverse action to be taken against the applicants until further notice. Further notice came on May 12, 2015, when the OIG notified the Commissioner that it had no objections to the agency "moving forward with its administrative processing of the redeterminations of the 1,787 individuals whose names were previously provided by OIG to [the agency] on July 2, 2014." Via letters sent six days later and captioned "Notice of Appeals Council Action," the Commissioner informed those individuals, including Perkins, that the agency was required to redetermine their benefits under sections 205(u) and 1631(e)(7) of the Act, 42 U.S.C. §§ 405(u), 1383(e)(7), in light of the OIG's notification.[2]

Perkins's case was then remanded to a new ALJ for a new hearing, and he was permitted to submit further evidence to the

---

[2] As in its decision on Plaintiff's Motion for Preliminary Injunction, the Court adopts and incorporates the detailed description of this process, how it came to be, and how it was applied in the matters which were allegedly part and parcel of the Conn scheme from Section I of Judge Reeves' October 6, 2016, Memorandum Opinion and Order in *Carter v. Comm'r of Soc. Sec.*, Civil Action No. 0:16-cv-00017-DCR, DE 24 at 3-6 (E.D. Ky.), and *Griffith v. Comm'r of Soc. Sec.*, Civil Action No. 7:16-cv-00101-DCR, DE 34 at 3-6 (E.D. Ky.), and from Section I(a) and (b) of his subsequent November 15, 2016, decision on the Motions to Dismiss, transformed into Motions for Summary Judgment, in a series of cases including *Carter* and *Griffith*, Civil Actions No. 0:16-017-DCR, 0:16-061-DCR, 7:16-051-DCR, 7:16-059-DCR, 7:16-068-DCR, 7:16-075-DCR, 7:16-101-DCR, and 7:16-153-DCR, from across the Eastern District of Kentucky, dated. Notably, Perkins has not challenged Congressional authority to legislate the redetermination process or, for that matter, to define what evidence may be considered during the consideration of an application for benefits under the Social Security Act.

ALJ prior to the new hearing. Perkins attended his new hearing on November 15, 2015, with counsel and cobbled together some medical records, mostly for the period after July 6, 2007. On December 29, 2015, disregarding Dr. Huffnagle's report and the continuing disability review, the ALJ found that there was insufficient evidence to support the initial disability determination. Perkins then submitted his case to the Appeals Council, which declined to reconsider the ALJ's decision on January 28, 2016. The denial constitutes final agency action, and Perkins timely filed this action as provided for by 42 U.S.C. § 405(g) on March 25, 2016.

In his Complaint, Plaintiff challenged the merits of the ALJ's decision and asked that the decision "be vacated for failure to bring a timely action and violating Plaintiff's due process rights." [DE 1 at PageID #3.] The Court has already denied Plaintiff's Motion for Preliminary Injunction, and now considers the Acting Commissioner's request for dispositive relief on the undisputed facts. The Acting Commissioner argues that Perkins cannot demonstrate, as a matter of law, that he was denied the process that he was due under the Fifth Amendment to the United States Constitution by the Acting Commissioner when his matter was subjected to determination in spite of the fact that the Acting Commissioner has never disclosed what evidence proves that there was, in fact, reason to believe that fraud was

5

involved in the original award of benefits to him in 2007 and notwithstanding the fact that he has not had an opportunity to challenge the credibility of this evidence.  Plaintiff argues, however, that he was not provided the required opportunity to challenge the allegations of fraud as a matter of law because the Appeals Council's May 18, 2015 notice which commenced his redetermination process "summarily accepted the allegation that 'there was reason to believe fraud was involved.'"  [DE 13-1, PageID # 95.]  He argues that, while he has no right to a full evidentiary hearing before the termination of benefits under *Mathews v. Eldridge*, 424 U.S. 319 (1976), he should have an opportunity to challenge the conclusion that there was reason to believe that fraud was involved in obtaining his initial award of benefits.

The Acting Commissioner argues, as well, that Plaintiff cannot demonstrate, as a matter of law, that the agency's procedures constituted a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 556(d)-(e), and the Social Security Act, 42 U.S.C. § 405(b), nor that there has been a violation of the APA, 5 U.S.C. § 554(d), because the Appeals Council and the ALJ were "responsible to or subject to the supervision or direction of an employee or agent engaged in the performance of investigative or prosecuting functions for an agency," i.e., the Office of Inspector General.  The Acting

6

Commissioner also argues, as a matter of law, that they agency did not fail to "immediately" redetermine his entitlement to or eligibility for benefits upon discovering "reason to believe that fraud or similar fault was involved in the application" for those benefits under 42 U.S.C. §§ 405(u)(1)(A) and 1383(e)(7)(A)(i) because over many years passed between the initial complaints regarding the alleged fraud that triggered his redetermination hearing and the commencement of his redetermination process.

The Court has carefully considered the arguments of the parties, all of which were also raised by the parties in *Carter v. Colvin*, Civil Action No. 0:16-cv-00017-DCR, and *Griffith v. Colvin*, Civil Action No. 7:16-cv-00101-DCR, as well as the other cases considered by Judge Reeves, Civil Action No. 0: 16-061-DCR, 7:16-051-DCR, 7: 16-059-DCR, 7: 16-068-DCR, 7: 16-075-DCR, and 7:16-153-DCR, and concludes that judgment is warranted in favor of the Acting Commissioner on these claims as a matter of law.

The undersigned wholeheartedly agrees with both Judge Reeves's conclusion and the reasons for his decision in the cases referenced above. Accordingly, the undersigned adopts and incorporates the reasoning articulated in sections II, III(a)(i) and (ii), III(b), III(c), and III(d) of Judge Reeves' November 15, 2016, opinion as his own, without restating that reasoning

7

in its entirety here. The remainder of this Memorandum Opinion and Order will deal with the undersigned's additional thoughts on the matter.

No one disputes that, apart from the general allegations against Conn, Daugherty, Adkins and Huffnagle, Perkins has not been presented with evidence of fraud specific to his application. It is also true that Perkins has not yet had an opportunity to directly rebut the assertion there is reason to believe fraud was involved in his prior award of benefits. However, the decision to revoke Perkins's benefits did not hinge on the fraud allegation. Rather, the revocation was premised on the lack of sufficient evidence to support the initial benefits award. Thus, because Perkins was given a full opportunity to supplement and/or develop new evidence to substitute for the excluded evidence (and indirectly rebut the allegations of fraud), he was not denied due process. Neither did the Acting Commissioner wrongfully deny Perkins the process provided by the reopening procedures of the Social Security Act since the matter was properly addressed under the procedures for reconsideration. Finally, the Court is not persuaded that the Acting Commissioner violated the formal adjudication requirements of the Administrative Procedures Act.

The Court would make one additional point: legislation to exclude facts from evidence or, stating it another way, to

decide what evidence is or what evidence may be considered is hardly shocking. In the undersigned's mind, the Congressional ability to exclude consideration of evidence for which "there is reason to believe that fraud or similar fault was involved in the providing of such evidence[,]" 42 U.S.C. § 205(u)(1)(B), is akin to the authority to exclude a "wife's affidavit" from evidence in support of a rebuttable presumption of total disability by pneumoconiosis with respect to a living miner's claim for benefits under the Black Lung Benefits Act under 30 U.S.C. § 921(c)(1)(4) or, for that matter, the ability to define relevant evidence and provide for the inadmissibility of irrelevant evidence in Federal Rules of Evidence 401 and 402 under the Rules Enabling Act, 28 U.S.C. § 2071, *et seq*. Certainly, Perkins has not challenged the Congressional authority to make legislation regarding what evidence may be considered in evaluating a claim under the Social Security Act or during a reconsideration of a claim by the agency, but his argument comes terribly close to conflating legislative concerns about what constitutes evidence and what process should be provided. The undersigned believes that the analysis that it has adopted and incorporated here draws the distinction more finally and in keeping with the due process obligations of the United States Constitution and statutes applicable to cases like the one at bar.

It seems that, in the absence of some evidence in the form of testimony about any disabling limitations experienced as a result of Meniere's disease in a hearing before an ALJ, which one might expect from the claimant's own testimony or other witnesses, Plaintiff has a difficult job ahead of him on the remaining issue in this case. That said, whether the Acting Commissioner was left with substantial evidence to support her decision on reconsideration of Perkins's claim is a matter for another day.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss, transformed into a Motion for Summary Judgment [DE 30], is **GRANTED**. The parties shall advise the Court by no later than January 3, 2017 whether they wish to have the issues addressed in this Memorandum Opinion and Order rendered final for the purposes of appeal although other claims remain pending at this time.

This the 16th day of December, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge